JACKSON LEWIS P.C.
CAROLYN G. BURNETTE (SBN 191294)
KAITLYN L. LAVARONI (SBN 313366)
400 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:   (916) 341-0404
Facsimile:    (916) 341-0141
E-mail:  *carolyn.burnette@jacksonlewis.com*
E-mail:  *kaitlyn.lavaroni@jacksonlewis.com*

Attorneys for Defendant
FOUNDATION PARTNERS GROUP, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GENE PAUL NELSON, NICOLE NELSON,<br><br>Plaintiffs,<br><br>vs.<br><br>FOUNDATION PARTNERS GROUP, LLC, A Delaware Corporation, ANDY LOPEZ, An Individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT FOUNDATION PARTNERS GROUP, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**28 U.S.C. §§ 1332(a), 1441(a) and 1441(b), and 1446**<br>**DIVERSITY JURISDICTION**<br><br>[Filed concurrently with Declaration of Kaitlyn L. Lavaroni; Declaration of Julie Judge; Declaration of Andy Lopez; Civil Cover Sheet; and Rule 7.1 Disclosure Statement] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS GENE PAUL NELSON AND NICOLE NELSON AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that FOUNDATION PARTNERS GROUP, LLC ("FPG" or "Defendant") hereby removes this action from the Superior Court of California for the County of Sacramento to the United States District Court for the Eastern District of California, Sacramento Division.  This removal is made pursuant to 28 U.S.C. sections 1332(a), 1441(a) and (b), and 1446, and on the following grounds:

# JURISDICTION

1. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441. This case may be removed pursuant to 28 U.S.C. sections 1332, 1441 and 1446 because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

# TIMELINESS OF REMOVAL

2. GENE PAUL NELSON and NICOLE NELSON ("Plaintiffs") filed a Summons and Complaint for Damages against Defendant on July 6, 2021 in Sacramento Superior Court (the "Complaint"). The state court designated the action as Case No. 34-2021-00303732. Declaration of Kaitlyn L. Lavaroni ("Lavaroni Decl."), ¶ 2, Exh. A ("Summons and Complaint"). Plaintiffs did not serve Defendant with the Complaint. Id. at ¶ 2.

3. On August 2, 2021, Plaintiffs filed a Summons to First Amended Complaint and First Amended Complaint. Lavaroni Decl., ¶ 3, Exh. B.

4. On August 25, 2021, Plaintiffs emailed Defendant's counsel a Notice and Acknowledgement of Receipt – Civil and a copy of the Amended Summons and Complaint. Lavaroni Decl., ¶ 4. Service was effectuated pursuant to California Code of Civil Procedure section 415.30 on September 13, 2021 when undersigned counsel executed the written Acknowledgement of Receipt. Lavaroni Decl., ¶ 4, Exh. C.

5. On September 23, 2021, FPG timely filed its Answer to Plaintiff's unverified Complaint. Lavaroni Decl., ¶ 5, Exh. D. The Answer made a general denial as permitted by California Code of Civil Procedure section 431.30(d) and asserted various affirmative defenses. Id.

6. Attached to the Declaration of Kaitlyn L. Lavaroni as Exhibit E are true and correct copies of all other pleadings and documents currently on file with the state court in the action. Lavaroni Decl., ¶ 6, Exh. E.

7. The documents and exhibits referenced in paragraphs 2 through 6 constitute all the pleadings filed in this matter. Lavaroni Decl., ¶ 7. The documents and exhibits referenced in paragraphs 3 through 6 constitute all the pleadings served in this matter. Lavaroni Decl., ¶ 7.

1        8.      Defendant's removal is timely because it was filed within thirty (30) days after FPG was first served with a copy of Plaintiff's First Amended Complaint, the initial pleading upon which this removal is based.  Lavaroni Decl., ¶ 8; see 28 U.S.C. § 1446(b).  Thus, Defendant's removal is filed within the time-period mandated by 28 U.S.C. section 1446(b).

## REMOVAL BASED ON DIVERSITY JURISDICTION

### Diversity of Citizenship

      9.      Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed.  Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 571 (2004).  Here, Plaintiffs, FPG, and individual defendant Andy Lopez ("Lopez") are citizens of different states.

      10.      Defendant is informed and believes as alleged by Plaintiffs in the Complaint that at the time this action was commenced Plaintiffs were domiciled in the State of California, and still are.  Lavaroni Decl., Exh. B, First Amended Complaint, ¶¶ 1-2.  Plaintiffs filed their Complaint in the State of California for the County of Sacramento seeking the protections of the laws of this State.  See generally, id.  Thus, Plaintiffs should properly be construed as citizens of the State of California.

      11.      A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  The United States Supreme Court has adopted the "nerve center" test for ascertaining a corporation's principal place of business for purposes of diversity jurisdiction.  Hertz v. Friend, 130 S.Ct. 1181, 1186 (2010).  Under the nerve center test, a corporation's principal place of business is where its high level officers direct, control and coordinate the corporation's activities.  Id.  A corporation can only have one "nerve center."  Id. at 1192-1193.  In evaluating where a corporation's "nerve center" is located, courts look to the center of overall direction, control, and coordination of the company and no longer weigh corporate functions, assets, or revenues in each state.  Id. at 1186.

      12.      FPG is a limited liability corporation.  To determine the citizenship of a limited liability corporation, "courts look through the form of such business entity to the citizenship of all

///

owners/members." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

13. At the time this action was commenced in state court, Defendant was, and still is, a company organized under the laws of the State of Delaware with its principal place of business in Orlando, Florida, where its company offices and headquarters, which house FPG's primary executive, administrative, and operational functions, are located. In addition, FPG makes and implements company-wide operating, financial, investment, employee relations, marketing, accounting, income tax, treasury, investor relations, and other policy decisions primarily at its headquarters in Florida. Declaration of Julie Judge ("Judge Decl."), ¶¶ 2-3; see, e.g., Davis v. HSBC Bank Nevada, N.A., 557 F.3d 1026 (9th Cir. 2009) (stating that a limited partnership is a citizen of (1) the state under whose laws it is organized; and (2) the state of its principal place of business).

14. Further, no member or owner of Defendant is a citizen of the state of California. Judge Decl. ¶ 4.

15. During the time of his employment with Defendant and at the time this action was commenced in state court, Lopez was domiciled in the State of Washington, and still is. Declaration of Andy Lopez ("Lopez Decl."), ¶¶ 2-4. Thus, Lopez should properly be construed as a citizen of the State of Washington.

16. Because Plaintiffs are citizens of California, FPG is a citizen of Delaware and Florida, and Lopez is a citizen of Washington, complete diversity of citizenship between the parties exists within the meaning of 28 U.S.C. section 1332.

17. Plaintiff's counsel has also conceded that federal court jurisdiction is proper by filing a related case with another California-based plaintiff against Defendant and Lopez in the United States District Court for the Eastern District of California. See Olmsted v. Foundation Partners Group, LLC and Andy Lopez, Case No. 21-cv-01547, filed August 27, 2021.

///

///

**Amount in Controversy**

18. The Complaint does not specify the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiffs does not deprive this Court of jurisdiction. See White v. J.C. Penney Life Ins. Co., 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (Defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim"). A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1997). In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. See, e.g., Goldberg v. CPC Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met").

19. In determining whether the amount in controversy exceeds $75,000, the Court must presume a plaintiff will prevail on each and every one of his/her claims. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp. 993, 1001 (C.D. Cal. 2002), citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth in the complaint may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. Cohn v. Petsmart, Inc., 281 F.3d 837, 843, n.1, (9th Cir. 2002), citing Willingham v. Morgan, 395 U.S. 402, 407 n.3 (1969).

20. The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. Galt v. JSS Scandinavia, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. Ninth Circuit cases firmly establish that statutory attorney's fees will be included as a basis for determining the jurisdictional amount in controversy. Id. at 1155-1156; Simmons v. PCR Technology, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages, and such fees are calculable beyond the time of removal)

21. Potential punitive damages are also included in calculating the amount in controversy. Davenport v. Mutual Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963); see also Aucina v. Amoco Oil Co., 871 F.Supp. 332 (S.D. Iowa 1994). In Aucina, the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct", the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. Id. at 334.

22. Counsel for Defendant specializes in representing employers in employment matters and, in particular, wrongful termination litigation. Lavaroni Decl., ¶ 9. Based on this expertise and experience, the nature of Plaintiffs' allegations, and the relief sought by Plaintiffs, the amount in controversy in this case exceeds $75,000 exclusive of interest and costs. Id. This conclusion was reached based on the following representations made in Plaintiffs' Complaint:

(a) Plaintiffs' First Amended Complaint alleges retaliation for engaging in a protected activity, sexual harassment, failure to take reasonable steps to prevent retaliation and harassment, retaliation based on association to protected activity, and violations of various California Labor Code

///

provisions.  See generally, Lavaroni Decl., Exh. B, First Amended Complaint.

  (b) Plaintiffs allege that, because of Defendant's conduct, they suffered damages, including but not limited to lost wages, salary, benefits and other incidental and consequential expenses. Id. at ¶¶ 37, 44, 50, and 59.

  (c) Plaintiffs' prayer for relief seeks, among other things, compensatory damages, general damages, medical and related expenses, special damages, attorneys' fees, interest, and punitive damages as to each of them individually.  Id. at Prayer For Relief.

23. Based on the foregoing, Plaintiffs' allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiffs would not be entitled to recover the jurisdictional amount.  Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996); Watson v. Blankinship, 20 F.3d 383, 386-87 (10th Cir. 1994).

24. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## **VENUE**

25. Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. section 1441(a) because the state action was filed in this District and this is the judicial district in which the action arose.

## **NOTICE TO STATE COURT AND PARTIES**

26. Promptly after the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiffs and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of Sacramento.

///

///

///

**CONSENT TO REMOVAL**

27. Individual defendant Lopez consents to the removal of this action. Lopez Decl., ¶ 5. Accordingly, pursuant to 28 U.S.C. section 1446(b), all named defendants in this action consent to removal.

Dated: September 23, 2021                    JACKSON LEWIS P.C.


                                             By: */s/ Kaitlyn L. Lavaroni*
                                                  Kaitlyn L. Lavaroni

                                             Attorneys for Defendant
                                             FOUNDATION PARTNERS GROUP, LLC

# PROOF OF SERVICE

I, LaDonna Mims, declare:

I am employed in the County of Sacramento, State of California. I am over the age of 18 years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On September 23, 2021, I served the within:

**DEFENDANT FOUNDATION PARTNERS GROUP, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**

on the parties in said action:

| X | by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as set forth below with postage thereon fully prepaid, for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of correspondence for mailing, of which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service. |
|---|---|

| Mark P. Velez<br>Natalya Grunwald<br>THE VELEZ LAW FIRM, P.C.<br>3010 Lava Ridge Court, Suite 120<br>Roseville, CA  95661 | Attorneys for Plaintiffs<br>Gene Paul Nelson and Nicole Nelson<br><br>Telephone:  (916) 774-2720<br>Facsimile:   (916) 774-2730<br>E-mail:  *velezlaw@live.com* |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 23 day of September, 2021 at Sacramento, California.

_____
LaDonna Mims

Proof of Service