1   JACKSON LEWIS P.C.
    CAROLYN G. BURNETTE (SBN 191294)
2   KAITLYN L. LAVARONI (SBN 313366)
    400 Capitol Mall, Suite 1600
3   Sacramento, CA  95814
    Telephone:   (916) 341-0404
4   Facsimile:   (916) 341-0141
    E-mail:  *carolyn.burnette@jacksonlewis.com*
5   E-mail:  *kaitlyn.lavaroni@jacksonlewis.com*

6   Attorneys for Defendant
    FOUNDATION PARTNERS GROUP, LLC

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                      SACRAMENTO DIVISION

11  GENE PAUL NELSON,                      CASE NO.
    NICOLE NELSON,
12                                         **DECLARATION OF KAITLYN L.**
              Plaintiffs,                  **LAVARONI IN SUPPORT OF**
13                                         **DEFENDANT FOUNDATION**
         vs.                               **PARTNERS GROUP, LLC'S NOTICE**
14                                         **OF REMOVAL OF CIVIL ACTION**
    FOUNDATION PARTNERS GROUP, LLC,
15  A Delaware Corporation, ANDY LOPEZ,    **28 U.S.C. §§ 1332(a), 1441(a) and**
    An Individual, and DOES 1 through 50,  **1441(b), and 1446**
16  inclusive,                             **DIVERSITY JURISDICTION**

17            Defendants.
                                           [Filed concurrently with Notice of
18                                         Removal; Declaration of Julie Judge;
                                           Declaration of Andy Lopez; Civil Cover
19                                         Sheet; and Rule 7.1 Disclosure Statement]

20

21

22       I, Kaitlyn L. Lavaroni, hereby declare and state as follows:

23       1.      I am an attorney representing FOUNDATION PARTNERS GROUP, LLC

24  ("FPG" or "Defendant") in this matter.  The following is based on my personal knowledge and

25  knowledge based on my review of and familiarity with Defendant's files and the documents in the

26  above-captioned matter.  If called as a witness, I could and would competently testify to the facts

27  contained herein.  I submit this Declaration in support of Defendant's Notice of Removal of Civil

28  Action.

                                         1

2.      GENE PAUL NELSON ("Plaintiff") filed a Summons and Complaint for Damages against Defendant on July 6, 2021 in Sacramento Superior Court (the "Complaint"). The state court designated the action as Case No. 34-2021-00303732.  Attached hereto as **Exhibit "A"** is a true and correct copy of the Summons and Complaint.  Plaintiffs did not serve Defendant with the Complaint.

3.      On August 2, 2021, GENE PAUL NELSON and NICOLE NELSON ("Plaintiffs") jointly filed a First Amended Complaint.  Attached hereto as **Exhibit "B"** is a true and correct copy of the Summons to First Amended Complaint and First Amended Complaint.

4.      On August 25, 2021, Plaintiffs emailed Defendant's counsel a Notice and Acknowledgement of Receipt – Civil and a copy of the Amended Summons and First Amended Complaint.  On September 13, 2021, I executed the written Acknowledgement of Receipt. Attached hereto as **Exhibit "C"** is a true and correct copy of the executed Notice and Acknowledgment of Receipt – Civil.

5.      On September 23, 2021, Defendant filed an Answer to Plaintiffs' Complaint.  The Answer included a general denial and asserted various affirmative defenses.  Attached hereto as **Exhibit "D"** is a true and correct copy of Defendant's Answer.

6.      Attached hereto as **Exhibit "E"** is a true and correct copy of all other pleadings and documents currently on file with the state court in this matter (other than the First Amended Complaint and Answer).

7.      The documents attached as Exhibits "A" through "E" constitute all the pleadings filed and served in this matter.

8.      Defendant's removal is timely because it will be filed within thirty (30) days after September 13, 2021 – the effective service date of when Defendant was first served with a copy of Plaintiff's First Amended Complaint.

9.      I have been a practicing attorney for approximately nine years.  My practice is focused exclusively on employment law at Jackson Lewis P.C.  I have extensive experience litigating claims under the California Fair Employment and Housing Act and other employment related claims.  Plaintiffs' First Amended Complaint reflects that they each individually seek lost

earnings and benefits, other general damages, and punitive damages.  Plaintiff also seeks costs of the suit, pre-judgment interest and reasonable attorney's fees.  In my experience, and based on these allegations and the causes of action pled in the First Amended Complaint, the amounts Plaintiffs seek exceed $75,000.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of September, 2021 at Sacramento, California.

*Kaitlyn L. Lavaroni*

Kaitlyn L. Lavaroni

Declaration of Kaitlyn L. Lavaroni in Support of Defendant's Notice of Removal of Civil Action

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACIÓN JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FOUNDATION PARTNERS GROUP, LLC, A Delaware
Corporation, ANDY LOPEZ, An Individual,
and DOES 1 THROUGH 50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GENE PAUL NELSON

**FILED**
Superior Court Of California,
Sacramento
07/09/2021
mchapman3
By_____Deputy
Case Number:
34-2021-00303732

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SACRAMENTO COUNTY SUPERIOR COURT<br>720 Ninth Street<br>Sacramento, CA 95814 | CASE NUMBER: *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark P. Velez, Esq., (SBN 163484)    (916) 774-2720
THE VELEZ LAW FIRM
6940 Destiny Drive, Rocklin, CA 95677

DATE:    JUL - 9 2021    Clerk, by _M. Chapman_ , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1

2  THE VELEZ LAW FIRM, P.C.
   Mark P. Velez (Bar No. 163484)
3  Natalya Grunwald (Bar No. 265084)
   3010 Lava Ridge Court, Suite 120
4  Roseville, California 95661
   Telephone:  (916) 774-2720
5  Facsimile:  (916) 774-2730
   Velezlaw@live.com

6  Attorneys for Plaintiff
   GENE PAUL NELSON

7

**FILED**
**Superior Court Of California,**
**Sacramento**
**07/06/2021**
**mchapman3**
**By_____, Deputy**
**Case Number:**
**34-2021-00303732**

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF SACRAMENTO

11  GENE PAUL NELSON,                    CASE NO.

12              Plaintiff,               **COMPLAINT FOR DAMAGES**

13      v.

14  FOUNDATION PARTNERS GROUP,           1)  **GOV. CODE §12940 et seq.,**
    LLC, A Delaware Corporation, ANDY        **RETALIATION FOR ENGAGING IN**
15  LOPEZ, and DOES 1 through 50,            **PROTECTED ACTIVITY;**
    INCLUSIVE,
16                                       2)  **GOV. CODE §12940 SEX HARASSMENT;**
              Defendants.
17                                       3)  **GOV. CODE §12940 et seq. FAILURE TO**
                                             **PREVENT HARASSMENT AND**
18                                           **RETALIATION**

19

20                                       **[JURY DEMANDED]**

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff GENE PAUL NELSON hereby alleges:

# I.
# INTRODUCTION

## PARTIES

1.   Plaintiff GENE PAUL NELSON is an individual, and is a resident of Placerville, California, County of El Dorado Hills, in the State of California, and was a former employee of Defendant FOUNDATION PARTNERS GROUP, LLC.

2.   Defendant FOUNDATION PARTNERS GROUP, LLC, A Delaware Corporation, (Hereinafter "FPG"), at all relevant times herein are business entities of in the business throughout the State of California in providing funeral, cemetery and cremation services, homes, providing end of life transition services with operations throughout the State of California, and qualified as an "Employer". Defendant was, at all times herein relevant, Plaintiff's "Employer" as that term is defined under the Fair Employment and Housing Act ("FEHA") at Government Code § 12926(d). Defendant FPG, had actual and constructive notice of the wrongful conduct, discrimination, and retaliation perpetrated upon Plaintiff, set forth below, had both the authority and the duty to prevent and correct the same, failed to take reasonable action to prevent and correct the same and, by their conduct, condoned, supported and ratified such wrongful conduct.

3.   Defendant Andy Lopez (hereinafter "Defendant LOPEZ"), at all times herein relevant at all times herein relevant was a supervisor and managing agent for Defendant FPG.

4.   In addition to Defendant FPG named above, Plaintiff sues fictitiously named Defendants DOES 1 through 50, inclusive, pursuant to Code of Civil Procedure §474, because their names capacities, status, or facts showing them to be liable are not presently known. Plaintiff is informed and believes, and thereon alleges that defendants, and each of them, designated herein as DOES 1 through 50, are responsible in some manner for the occurrences and happenings herein alleged, and that Plaintiff's damages, as herein alleged, were and are the direct and proximate result

1

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

of the actions of said defendants, and each of them. Plaintiff will amend this complaint to show their true names and capacities, together with appropriate charging language, when such information has been ascertained.

5.     Plaintiff further alleges that Defendants, and DOES 1 through 50, inclusive, are, and at all relevant times were, agents and/or employees of one another, and or parent and subsidiary, or joint employer, and acting within the course and scope of said agency, and/or employment, and/or parent and subsidiary, or joint employer relationship.

6.     Plaintiff reserves the right to amend his charges to plead agency, employment, or parent and subsidiary or joint employer relationship between Defendants, and DOES 1 through 50, inclusive, and any of them, at any time that he ascertains facts supporting such agency between such Defendants.

## GENERAL ALLEGATIONS

7.     At all times herein relevant, Defendant owed Plaintiff a duty to take all reasonable action to provide Plaintiff with a workplace free from unlawful discrimination, harassment and retaliation, and to take all reasonable action to prevent and correct discrimination, harassment, and retaliation in the workplace. Specifically, Defendants owed Plaintiff a duty: (1) to promulgate, in an effective way, policies, practices and guidelines regarding employment discrimination, harassment and retaliation; (2) to provide effective and adequate training to managers, supervisors and employees regarding employment discrimination, harassment and retaliation, how to take effective, timely and reasonable action to prevent employment discrimination, harassment and retaliation and, particularly,  how to handle, in a reasonable, prompt and effective manner, complaints and noticed situations raising issues of employment discrimination, harassment and retaliation; (3) to provide realistic assurance to employees that defendants were serious about enforcing such policies against discrimination, harassment and retaliation; (4) to protect from retaliation employees who made or

2

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

supported discrimination, harassment or retaliation complaints; (5) to conduct, in response to a complaint or actual or constructive notice of discrimination, harassment and retaliation, a good faith, reasonable, fair and prompt investigation of such complaint or in response to such notice; (6) to bring such investigation to a conclusion in a timely manner; (7) to take prompt and effective remedial action, where appropriate, to prevent and correct discrimination, harassment and retaliation; (8) to maintain reasonably thorough and adequate records regarding discrimination, harassment and retaliation complaints, investigations, conclusions and remedial action; and (9) to avoid engaging in and promoting actions which have the intended purpose and foreseeable effect of silencing and quashing the voices of discrimination, harassment or retaliation complainants and others who support or have supported discrimination, harassment or retaliation complaints.

8. Defendants, and each of them, breached the above-mentioned duties in that, at all times herein relevant, Defendants acted in a manner which they knew, should have known, and did not care to know, condoned and supported discrimination, harassment and retaliation in the workplace. Defendants failed and refused to take reasonable action to publish and promulgate, in an effective manner, policies, practices and guidelines regarding discrimination, harassment and retaliation. Defendants failed and refused to take reasonable action to provide adequate and effective training to managers, supervisors and employees regarding discrimination, harassment and retaliation, failed to effectively train managers, supervisors and employees regarding how to prevent employment discrimination, harassment and retaliation, and failed to adequately train managers, supervisors and employees in how to reasonably, promptly and effectively handle complaints and notice situations raising issues of employment, discrimination, harassment and retaliation. Defendants responded to actual and constructive notice of and complaints regarding discrimination harassment and retaliation in a manner calculated to defendant and delay, rather than fairly and timely investigate situations noticed and complaints regarding discrimination, harassment and

PLAINTIFF'S COMPLAINT FOR DAMAGES

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

retaliation, with the intended purpose and foreseeable effect of supporting management at all costs, condoning and supporting discrimination, harassment and retaliation. Defendants engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff.

9.     At all times herein mentioned, each of the defendants was the actual and apparent agent, servant and employee of each of the remaining defendants and in doing the things herein after alleged were acting within the course and scope of their actual and apparent agency and employment and with the knowledge, notification, consent and subsequent ratification of each of the other defendants. Defendants engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff NELSON.

10.     Within time permitted by the law, Plaintiff filed a Charge of Discrimination with the Department of Fair Employment and Housing and received a "Right to Sue" letter, thereby exhausting the administrative remedy.

## II.
## GENERAL ALLEGATIONS

11.     Plaintiff GENE PAUL NELSON began working for Defendant FOUNDATION PARTNERS GROUP LLIC in 2018 as Market Leader with responsibilities of developing, planning, executing and monitoring local marketing campaigns across a portfolio of brands, as well as budget management and market trend analysis.  Plaintiff NELSON received very positive performance evaluations from the area VP of operations.

12.     Plaintiff NELSON's responsibilities also included partnering with a superior manager, Defendant ANDY LOPEZ and his staff of sales team throughout the State of California. Defendant LOPEZ worked as the Area Sales Director for Defendant FPG.  LOPEZ was a big partier who motivated his sales team by hosting company parties at restaurants, hotels and bars.  Whenever

**4**

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

1   the sales team met goals set forth by LOPEZ, he would hold promotional company parties where

2   drinking was done to excess.

3          13.     In about February 2021 Defendant LOPEZ hosted a company gathering at the Red

4   Tavern bar in Chico, California.  In attendance was Plaintiff, LOPEZ, and several male and female

5   FPG employees consisting of the Sales Team.  Following dinner, the group went to a bar for further

6   company sponsored festivities.  Defendant LOPEZ used the company credit card to pay for the

7   evening which totaled over $3,000.  Defendant LOPEZ focused his attention on Jane Doe, a Chico

8   FPG employee.  At some point Jane Doe intimidated some concerns about LOPEZ but ended up

9   leaving with LOPEZ.

10

11         14.     Thereafter, in about May 8, 2021 Defendant LOPEZ met with Plaintiff NELSON at

12  a Chico restaurant.  LOPEZ informed Plaintiff that he had been waiting to show someone at work a

13  video for a while.  LOPEZ informed Plaintiff that the video was from the night they went to dinner

14  with the Chico [FPG] sales group.  LOPEZ then said to Plaintiff, "Bros before Hoes," and put his

15  cell phone in Plaintiff's face and showed Plaintiff video footage of Jane Doe laying on a bed face

16  down, naked and motionless.  Plaintiff recognized the carpet pattern was that of the Hotel Diamond

17  in Chico.  The video clip showed Defendant LOPEZ laughing and inserting his fingers into Jane

18  Doe's vagina and showed LOPEZ masturbating with both of them naked.  At no time during the

19  video display did Jane Doe move or make any sounds.  The entire time Jane Doe was motionless.

20  This was obviously a sexual assault and/or rape perpetrated by LOPEZ on a Defendant FPG female

21  employee.  The video clip lasted about 30 seconds.

22

23         15.     Plaintiff NELSON was appalled and disgusted by what he witnessed in the video clip.

24  He felt a form of violation but in no way compared to the female employee in the video.  Plaintiff

25  NELSON was disgusted.  He contemplated going to the police but instead decided that he needed to

26  report it to Defendant FPG.  The impression left in his mind altered his work environment to that of

27

28

5

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

1   a hostile work environment.   Whenever he needed to interact with Defendant LOPEZ, Plaintiff

2   avoided working with LOPEZ.

3         16.    On June 2, 2021 Plaintiff NELSON contacted Defendant FPG's Senior Vice

4   President of Human Resources, Julie Judge and lodged a full and comprehensive complaint against

5   Defendant LOPEZ. He forwarded a detailed four page email setting forth the events of February 12,

6   2021 events. Plaintiff further outlined in graphic detail the video clip shown by Defendant LOPEZ

7   which graphically depicted a sexual assault and rape of one of FPG's female employees by LOPEZ.

8   

9         17.    Plaintiff's complaint against Defendant LOPEZ made to FPG was him opposing

10  wrongful sexual assault and harassment by Lopez.  In effect, Plaintiff's opposition to LOPEZ' sexual

11  assault and sexual harassment amounted to Plaintiff engaging in protected activity.  Plaintiff further

12  engaged in protected activity by complaining of the offensive sexual nature of having to view the

13  sexual assault and/or rape of FPG employee Jane Doe.  This was also Plaintiff's complaint of being

14  subjected by LOPEZ, harassment based upon sex.

15  

16        18.    At no time did FPG's Sr. VP of HR, Julie Judge ever report LOPEZ's conduct to the

17  local police department.   No further investigatory information was disclosed to Plaintiff by Julie

18  Judge.

19        19.    Instead, on about June 23, 2021, Plaintiff received a call from Defendant FPG's Area

20  Vice President Benjamin Farnstrom and Andrew Clark, FPG's Chief Customer Officer, and was

21  informed that he was being fired.  Plaintiff was shocked and felt numb during the telephone

22  conversation.  When Plaintiff directly asked for the termination justification, no effective response

23  was provided.

24  

25        20.    Plaintiff is informed and believes that Defendant FPG did not terminate Defendant

26  LOPEZ but instead allowed him to resign under the guise of a job restructure.  Plaintiff is further

27  informed and thereon believes that Defendant FPG has had advanced knowledge of LOPEZ'

28  

6

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

unfitness as an employee and his proclivities to engage in sexual harassment in the workplace but chose to ignore the numerous warnings against LOPEZ.

21.     Within the time required by law, Plaintiff filed a timely DFEH complaint and received a right to sue letter.

## III.
## PLAINTIFF'S CLAIMS

### FIRST CAUSE OF ACTION
### Violation of Gov. Code §12940 et seq.
### FEHA Retaliation Against Defendant
### Foundation Partners Group

22.     Plaintiff incorporates by reference the allegations set forth above and below.

23.     Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Sections 12940, et seq., of the California Government Code. At all times, Government Code Section 12900 et seq., was in full force and effect and binding upon Defendant. Specifically, Government Code §12940 (h) provides that it is an unlawful practice:

> "For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

23.     These sections provide that no employer or person shall discriminate or retaliate against an employee who has opposed FEHA sexual harassment, sexual assault.   These sections provide that no employer shall retaliate against an employee who participated in such protected activity.  The interpretation of these statutes has been enforced by case law.  Yanowitz v. L'Oreal, (2005) 36 Cal.4th 1028; Flait v. North American Watch Corp. (1992) 3 Cal.App.4th 467.

7

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

25.     Defendants and each of them, have breached their statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Sections 12900 and 12945 et seq., of the California Government Code.

26.     At all times, herein relevant, Plaintiff had protected class protections under the FEHA for engaging in protected activity. Herein, as set forth above, Plaintiff was subjected to retaliatory termination based upon his protected status. Further, Plaintiff as a complainant of harassment based upon sex was in a protected status.

27.     Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act and have obtained a "Right to Sue" letters.

28.     As a result of the conduct of Defendants, and each of them, and Defendants' breach of the code section, Plaintiff has suffered damages, the exact amount of which has not yet been fully ascertained but is within the jurisdiction of this court. Plaintiff is entitled to damages including, but not limited to, lost wages, salary, benefits and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result of Defendants' breach to retain a law firm to enforce his rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

29.     Plaintiff is informed, believes and thereon alleges that defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to plaintiff, and to the direct benefit of defendants, knowing that defendants' conduct was substantially certain to vex, annoy and injure plaintiff and entitle plaintiff to punitive damages against Defendants under California Civil Code §3294, in an amount sufficient to punish or to make an example of the

8

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

1   defendants.

2      **WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as

3   hereinafter set forth.

4

5                    **SECOND CAUSE OF ACTION**

6      **Breach of Cal. Govt. Code §12900 *et seq.*; Sexual Harassment**
                **(Against Defendants FPG, LOPEZ)**

7      30.   Plaintiff incorporates by reference the allegations set forth above and below.

8      31.   Defendants and each of them, have breached their statutory and self-imposed duties

9
10  owed to Plaintiff under Defendants' representations, policies and procedures, and under California

11  law, including Sections 12900, et seq., of the California Government Code. At all times, Government

12  Code Section 12900 et seq., was in full force and effect and binding upon Defendants.   These

13  sections provide that no employer or person shall harass any employee based on sex.

14     32.   At all times, herein relevant, Plaintiff was subjected to a form of sexual harassment

15  by Defendant LOPEZ.   LOPEZ approached Plaintiff and told him he had a video that he wanted to

16
17  show someone for months.   LOPEZ then said to Plaintiff, "Bros before Hoes."   Then, he proceeded

18  to show Plaintiff a shocking, vile depiction of a sexual assault against a female FPG employee. The

19  graphic nature of the video amounted to harassment of Plaintiff based upon sex.   It altered his work

20  environment to that of a hostile work environment.   The conduct by FPG and LOPEZ was severe in

21  every sense of the word.

22     33.   Defendants engaged in unlawful sexual harassment, thereby altering Plaintiff's

23  environment to into of a hostile work environment.

24
25     34.   Plaintiff is a member of the class entitled to protection under these code sections.

26  Plaintiff has exhausted his administrative remedies under the California Fair Employment and

27  Housing Act, and have obtained "Right to Sue" letters.

28     35.   As a result of the conduct of Defendants, and each of them, and Defendants' breach

                                    9

of the code section, Plaintiff has suffered damages, the exact amount of which has not yet been fully

ascertained but is within the jurisdiction of this court.  Plaintiff is entitled to damages including, but

not limited to, lost wages, salary, benefits and certain other incidental and consequential expenses

and damages in an amount to be shown at the time of trial.  In addition, Plaintiff has been forced as

a result of Defendants' breach to retain a law firm to enforce his rights, and have incurred and will

continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which

Plaintiff is entitled to according to proof.

36.     Plaintiff is informed, believes and thereon alleges that Defendants, and each of them,

acted fraudulently, maliciously and oppressively with a conscious, reckless, and willful disregard,

and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff,

knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiff and

entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish

or to make an example of Defendants.

**WHEREFORE**, Plaintiff pray judgment against Defendants, and each of them, as hereinafter

set forth.

### THIRD CAUSE OF ACTION
**Breach of Cal. Govt. Code §12940(k) *et seq.*; Failure to Take Reasonable Steps to
Prevent Retaliation/Harassment
(Against Defendant FPG)**

37.     Plaintiff incorporates by reference the allegations set forth above and below.

38.     Defendants and each of them, have breached their statutory and self-imposed duties

owed to Plaintiff under Defendants' representations, policies and procedures, and under California

law, including Sections 12940(k), et seq., of the California Government Code. At all times,

Government Code Section 12940(k), et seq., was in full force and effect and binding upon

Defendants.  These sections provide that it is an unlawful employment practice to "fail to take all

reasonable steps necessary to prevent harassment and retaliation from occurring".

10

39.     At all times, herein relevant, Defendant FPG, had actual knowledge that Plaintiff and female employees were being harassed against because of sex. Additionally, Defendants FPG through its management group acted in a manner which they knew, should have known, condoned and/or supported this harassment and retaliation in the workplace. However, Defendant FPG failed to take all reasonable steps necessary to prevent harassment and retaliation from occurring.

40.     Plaintiff is member of the class entitled to protection under these code sections. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act, and have obtained a "Right to Sue" letter.

41.     As a result of the conduct of Defendants, and each of them, and Defendants' breach of the code section, Plaintiff has suffered damages, the exact amount of which has not yet been fully ascertained but is within the jurisdiction of this court.  Plaintiff is entitled to damages including, but not limited to, lost wages, salary, benefits and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.  In addition, Plaintiff has been forced as a result of Defendants' breach to retain a law firm to enforce his rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

42.     Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless, and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiff and entitle him to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

WHEREFORE, Plaintiff prays judgment as set forth below.

11

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

# IV.
## PRAYER FOR RELIEF

1. For compensatory damages;

2. For general damages according to proof;

3. For medical and related expenses according to proof;

4. For special damages, including but not limited to lost earnings and other employment benefits, past and future, according to proof, with interest thereon as allowed by law;

5. For reasonable attorneys' fees and costs, pursuant to California Government Code § 12965 and other statutes;

6. For an award of interest, including prejudgment interest, at the legal rate;

7. For punitive damages pursuant to California Civil Code § 3294; and

8. For all such other and further relief as the Court may deem just and proper.

Dated: June 30, 2021                          THE VELEZ LAW FIRM. P.C.

                                              By: _____
                                                  Mark P. Velez, Esq.
                                                  Natalya V. Grunwald, Esq.
                                                  Attorneys for Plaintiff NELSON

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Dated: June 30, 2021                          THE VELEZ LAW FIRM. P.C.

                                              By: _____
                                                  Mark P. Velez, Esq.
                                                  Natalya V. Grunwald, Esq.
                                                  Attorneys for Plaintiff NELSON

12

# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FOUNDATION PARTNERS GROUP, LLC, A Delaware
Corporation, ANDY LOPEZ, An Individual, and
DOES 1 THROUGH 50, INCLUSIVE

**FILED**
Superior Court Of California,
Sacramento
08/20/2021
rsanmiguel
By _____, Deputy
Case Number:
34-2021-00303732

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GENE PAUL NELSON, NICOLE NELSON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SACRAMENTO COUNTY SUPERIOR COURT<br>720 Ninth Street<br>Sacramento, CA 95814 | CASE NUMBER: *(Número del Caso):*<br>34-2021-00303732 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark P. Velez, Esq.,  (SBN 163484)      (916) 774-2720
THE VELEZ LAW FIRM, PC
3010 Lava Ridge Court, Suite 120, Roseville, CA 95661

| DATE:<br>*(Fecha)*   **AUG 2 0 2021** | Clerk, by<br>*(Secretario)* _____ **R. SAN MIGUEL** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

Martin Dean's
**ESSENTIAL FORMS™**

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

THE VELEZ LAW FIRM, P.C.
Mark P. Velez (Bar No. 163484)
Natalya Grunwald (Bar No. 265084)
3010 Lava Ridge Court, Suite 120
Roseville, California 95661
Telephone: (916) 774-2720
Facsimile: (916) 774-2730
Velezlaw@live.com

Attorneys for Plaintiffs
GENE PAUL NELSON,
NICOLE NELSON

FILED
Superior Court Of California,
Sacramento
08/02/2021
rsanmiguel
By_____, Deputy
Case Number:
34-2021-00303732

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| GENE PAUL NELSON, NICOLE NELSON<br><br>Plaintiffs,<br><br>v.<br><br>FOUNDATION PARTNERS GROUP, LLC, A Delaware Corporation, ANDY LOPEZ, An Individual, and DOES 1 through 50, INCLUSIVE,<br><br>Defendants. | CASE NO. 34-2021-00303732<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1) **GOV. CODE §12940 et seq., RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY;**<br><br>2) **GOV. CODE §12940 SEX HARASSMENT;**<br><br>3) **GOV. CODE §12940 et seq. FAILURE TO PREVENT HARASSMENT AND RETALIATION;**<br><br>4) **FEHA ASSOCIATION RETALIATION;**<br><br>5) **LABOR CODE VIOLATIONS**<br><br>**[JURY DEMANDED]** |

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

1  Plaintiffs GENE PAUL NELSON and NICOLE NELSON hereby allege:

## I.
### INTRODUCTION

### PARTIES

5   1.   Plaintiff GENE PAUL NELSON is an individual, and is a resident of Placerville,

6  California, County of El Dorado, in the State of California, and was a former employee of Defendant

7  FOUNDATION PARTNERS GROUP, LLC.

8

9   2.   Plaintiff NICOLE NELSON (hereinafter "Plaintiff N. Nelson" ) is an individual, and

10  a resident of Placerville, California, County of El Dorado, in the State of California, and a current

11  employee of Defendant FOUNDATION PARTNERS GROUP, LLC.

12   3.   Defendant FOUNDATION PARTNERS GROUP, LLC, A Delaware Corporation,

13  (Hereinafter "FPG"), at all relevant times herein are business entities of in the business throughout

14  the State of California in providing funeral, cemetery and cremation services, homes, providing end

15  of life transition services with operations throughout the State of California, and qualified as an

16  "Employer". Defendant was, at all times herein relevant, Plaintiff's "Employer" as that term is

17

18  defined under the Fair Employment and Housing Act ("FEHA") at Government Code § 12926(d).

19  Defendant FPG, had actual and constructive notice of the wrongful conduct, discrimination, and

20  retaliation perpetrated upon Plaintiff, set forth below, had both the authority and the duty to prevent

21  and correct the same, failed to take reasonable action to prevent and correct the same and, by their

22  conduct, condoned, supported and ratified such wrongful conduct.

23   4.   Defendant Andy Lopez (hereinafter "Defendant LOPEZ"), at all times herein

24

25  relevant at all times herein relevant was a supervisor and managing agent for Defendant FPG.

26   5.   In addition to Defendant FPG named above, Plaintiffs sue fictitiously named

27  Defendants DOES 1 through 50, inclusive, pursuant to Code of Civil Procedure §474, because their

28  names capacities, status, or facts showing them to be liable are not presently known. Plaintiffs are

1

1  informed and believes, and thereon allege that defendants, and each of them, designated herein as

2  DOES 1 through 50, are responsible in some manner for the occurrences and happenings herein

3  alleged, and that Plaintiffs damages, as herein alleged, were and are the direct and proximate result

4  of the actions of said defendants, and each of them. Plaintiff will amend this complaint to show their

5

6  true names and capacities, together with appropriate charging language, when such information has

7  been ascertained.

8    6.    Plaintiffs further allege that Defendants, and DOES 1 through 50, inclusive, are, and

9  at all relevant times were, agents and/or employees of one another, and or parent and subsidiary, or

10  joint employer, and acting within the course and scope of said agency, and/or employment, and/or

11  parent and subsidiary, or joint employer relationship.

12
     7.    Plaintiffs reserve the right to amend these charges to plead agency, employment, or
13

14  parent and subsidiary or joint employer relationship between Defendants, and DOES 1 through 50,

15  inclusive, and any of them, at any time that he ascertains facts supporting such agency between such

16  Defendants.

17                                    **GENERAL ALLEGATIONS**

18    8.    At all times herein relevant, Defendant owed Plaintiffs a duty to take all reasonable

19  action to provide Plaintiffs with a workplace free from unlawful discrimination, harassment and

20
     retaliation, and to take all reasonable action to prevent and correct discrimination, harassment, and
21

22  retaliation in the workplace. Specifically, Defendants owed Plaintiffs a duty: (1) to promulgate, in

23  an effective way, policies, practices and guidelines regarding employment discrimination,

24  harassment and retaliation; (2) to provide effective and adequate training to managers, supervisors

25  and employees regarding employment discrimination, harassment and retaliation, how to take

26  effective, timely and reasonable action to prevent employment discrimination, harassment and

27  retaliation and, particularly,  how to handle, in a reasonable, prompt and effective manner,

28

                                                2

1  complaints and noticed situations raising issues of employment discrimination, harassment and

2  retaliation; (3) to provide realistic assurance to employees that defendants were serious about

3  enforcing such policies against discrimination, harassment and retaliation; (4) to protect from

4
   retaliation employees who made or supported discrimination, harassment or retaliation complaints;
5

6  (5) to conduct, in response to a complaint or actual or constructive notice of discrimination,

7  harassment and retaliation, a good faith, reasonable, fair and prompt investigation of such complaint

8  or in response to such notice; (6) to bring such investigation to a conclusion in a timely manner; (7)

9  to take prompt and effective remedial action, where appropriate, to prevent and correct

10  discrimination, harassment and retaliation; (8) to maintain reasonably thorough and adequate records

11
    regarding discrimination, harassment and retaliation complaints, investigations, conclusions and
12

13  remedial action; and (9) to avoid engaging in and promoting actions which have the intended purpose

14  and foreseeable effect of silencing and quashing the voices of discrimination, harassment or

15  retaliation complainants and others who support or have supported discrimination, harassment or

16  retaliation complaints.

17       9.       Defendants, and each of them, breached the above-mentioned duties in that, at all

18  times herein relevant, Defendants acted in a manner which they knew, should have known, and did

19
    not care to know, condoned and supported discrimination, harassment and retaliation in the
20

21  workplace. Defendants failed and refused to take reasonable action to publish and promulgate, in

22  an effective manner, policies, practices and guidelines regarding discrimination, harassment and

23  retaliation. Defendants failed and refused to take reasonable action to provide adequate and effective

24  training to managers, supervisors and employees regarding discrimination, harassment and

25  retaliation, failed to effectively train managers, supervisors and employees regarding how to prevent

26  employment discrimination, harassment and retaliation, and failed to adequately train managers,

27
    supervisors and employees in how to reasonably, promptly and effectively handle complaints and
28

3

1   notice situations raising issues of employment, discrimination, harassment and retaliation.

2   Defendants responded to actual and constructive notice of and complaints regarding discrimination

3   harassment and retaliation in a manner calculated to defendant and delay, rather than fairly and

4
5   timely investigate situations noticed and complaints regarding discrimination, harassment and

6   retaliation, with the intended purpose and foreseeable effect of supporting management at all costs,

7   condoning and supporting discrimination, harassment and retaliation. Defendants engaged in the

8   above acts and omissions knowingly and as a matter of general business practice, without regard to

9   the rights of employees, including Plaintiffs.

10      10.     At all times herein mentioned, each of the defendants was the actual and apparent

11   agent, servant and employee of each of the remaining defendants and in doing the things herein after

12
13   alleged were acting within the course and scope of their actual and apparent agency and employment

14   and with the knowledge, notification, consent and subsequent ratification of each of the other

15   defendants. Defendants engaged in the above acts and omissions knowingly and as a matter of

16   general business practice, without regard to the rights of employees, including Plaintiffs NELSON.

17      11.     Within time permitted by the law, Plaintiffs filed a Charge of Discrimination with the

18   Department of Fair Employment and Housing and received a "Right to Sue" letter, thereby

19   exhausting their administrative remedy.

20

21
## II.
## GENERAL ALLEGATIONS

22      12.     Plaintiff GENE PAUL NELSON began working for Defendant FOUNDATION

23   PARTNERS GROUP LLIC in 2018 as Market Leader with responsibilities of developing, planning,

24   executing and monitoring local marketing campaigns across a portfolio of brands, as well as budget

25   management and market trend analysis.   Plaintiff NELSON received very positive performance

26
27   evaluations from the area VP of operations.

28

4

13.     Plaintiff NELSON's responsibilities also included partnering with a superior manager, Defendant ANDY LOPEZ and his staff of sales team throughout the State of California. Defendant LOPEZ worked as the Area Sales Director for Defendant FPG. LOPEZ was a big partier who motivated his sales team by hosting company parties at restaurants, hotels and bars. Whenever the sales team met goals set forth by LOPEZ, he would hold promotional company parties where drinking was done to excess.

14.     In about February 2021 Defendant LOPEZ hosted a company gathering at the Red Tavern bar in Chico, California. In attendance was Plaintiff, LOPEZ, and several male and female FPG employees consisting of the Sales Team. Following dinner, the group went to a bar for further company sponsored festivities. Defendant LOPEZ used the company credit card to pay for the evening which totaled over $3,000. Defendant LOPEZ focused his attention on Jane Doe, a Chico FPG employee. At some point Jane Doe intimidated some concerns about LOPEZ but ended up leaving with LOPEZ.

15.     Thereafter, in about May 8, 2021 Defendant LOPEZ met with Plaintiff NELSON at a Chico restaurant. LOPEZ informed Plaintiff that he had been waiting to show someone at work a video for a while. LOPEZ informed Plaintiff that the video was from the night they went to dinner with the Chico FPG sales group. LOPEZ then said to Plaintiff, "Bros before Hoes," and put his cell phone in Plaintiff's face and showed Plaintiff video footage of Jane Doe laying on a bed face down, naked and motionless. Plaintiff recognized the carpet pattern was that of the Hotel Diamond in Chico. The video clip showed Defendant LOPEZ laughing and inserting his fingers into Jane Doe's vagina and showed LOPEZ masturbating with both of them naked. At no time during the video display did Jane Doe move or make any sounds. The entire time Jane Doe was motionless. This was obviously a sexual assault and/or rape perpetrated by LOPEZ on a Defendant FPG female employee. The video clip lasted about 30 seconds.

5

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

16. Plaintiff NELSON was appalled and disgusted by what he witnessed in the video clip. He felt a form of violation but in no way compared to the female employee in the video. Plaintiff NELSON was disgusted. He contemplated going to the police but instead decided that he needed to report it to Defendant FPG. The impression left in his mind altered his work environment to that of a hostile work environment. Whenever he needed to interact with Defendant LOPEZ, Plaintiff avoided working with LOPEZ.

17. On June 2, 2021 Plaintiff NELSON contacted Defendant FPG's Senior Vice President of Human Resources, Julie Judge and lodged a full and comprehensive complaint against Defendant LOPEZ. He forwarded a detailed four page email setting forth the events of February 12, 2021 events. Plaintiff further outlined in graphic detail the video clip shown by Defendant LOPEZ which graphically depicted a sexual assault and rape of one of FPG's female employees by LOPEZ.

18. Plaintiff's complaint against Defendant LOPEZ made to FPG was him opposing wrongful sexual assault and harassment by Lopez. In effect, Plaintiff's opposition to LOPEZ' sexual assault and sexual harassment amounted to Plaintiff engaging in protected activity. Plaintiff further engaged in protected activity by complaining of the offensive sexual nature of having to view the sexual assault and/or rape of FPG employee Jane Doe. This was also Plaintiff's complaint of being subjected by LOPEZ, harassment based upon sex.

19. At no time did FPG's Sr. VP of HR, Julie Judge ever report LOPEZ's conduct to the local police department. No further investigatory information was disclosed to Plaintiff by Julie Judge.

20. Instead, on about June 23, 2021, Plaintiff received a call from Defendant FPG's Area Vice President Benjamin Farnstrom and Andrew Clark, FPG's Chief Customer Officer, and was informed that he was being fired. Plaintiff was shocked and felt numb during the telephone

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

1  conversation. When Plaintiff directly asked for the termination justification, no effective response

2  was provided.

3      21.    Plaintiff is informed and believes that Defendant FPG did not terminate Defendant

4  LOPEZ but instead allowed him to resign under the guise of a job restructure. Plaintiff is further

5

6  informed and thereon believes that Defendant FPG has had advanced knowledge of LOPEZ'

7  unfitness as an employee and his proclivities to engage in sexual harassment in the workplace but

8  chose to ignore the numerous warnings against LOPEZ.

9  **B.    PLAINTIFF NICOLE NELSON**

10     22.    Plaintiff N. Nelson incorporates by reference the allegations set forth above and

11  below.

12
    23.    Since approximately 2018, Plaintiff Nicole Nelson has been employed with
13
    Defendant FPG as a funeral homes in Administration. Plaintiff N. Nelson received positive
14
15  performance evaluations and merit pay increases. Her managers and supervisors have been

16  praiseworthy of her competence and job performance. Indeed, at the funeral home location, N.

17  Nelson's compensation package includes housing at a small cottage with bathroom facilities at the

18  main funeral home. For years, those housing accommodations have been offered by Defendant

19  FPG as part of N. Nelson's compensation package.

20
    24.    Plaintiff N. Nelson worked and received no pay, no meal breaks, breaks, or
21
22  compensation for the first six months in the year 2018. Thereafter, Defendant FPG began paying

23  Plaintiff N. Nelson. Plaintiff N. Nelson makes a claim for wage and hour as set forth below.

24     25.    In about June 2, 2021 Plaintiff Gene Paul Nelson engaged in protected activity by

25  Opposing sexual harassment, sexual assault and criminal sexual assault perpetrated by

26  Defendant ANDY LOPEZ. Plaintiff Nelson complained to Defendant's Director of HR Julie

27  Judge. Thereafter, in about June 22, 2021, Defendant FPG retaliated against Plaintiff Gene Paul

28

7

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

1 | Nelson and terminated his employment.

2      26.    At all times herein relevant, Plaintiff N. Nelson acted in association with Plaintiff

3 Gene Paul Nelson in supporting his engagement in protected activity for opposing sexual

4 harassment, sexual assault and criminal sexual assault.   Plaintiff N. Nelson supported Plaintiff

5

6 Gene Paul Nelson's engagement in protected activity.   Plaintiff Gene Paul Nelson provided

7 Statements to Defendant FPG's HR Director Julie Judge that he informed Plaintiff N. Nelson of

8 the events of the week of February 8-13, 2021 regarding Andy Lopez' sexual assaults of Jane

9 Doe and indeed referenced such documentation to Julie Judge.

10      27.    With that association information, Defendant FRP, Julie Judge and other

11 Leadership Team members retaliated against Plaintiff N. Nelson.

12

13      28.    Starting in about July 8, 2021 and continuing thereafter, Defendant FRP and the

14 Leadership Team took a series of retaliatory actions aimed at forcing Plaintiff N. Nelson to quit

15 her position.   Defendant FRP packed up all of Plaintiff N. Nelson's personal belongings and

16 inserted those personal belongings in a garbage bag, changed the locks of her dedicated

17 bathroom, made threats to evict Plaintiff N. Nelson from the cottage, and have the sheriff's

18 department forcefully remove her from her housing; all, to wit, aimed to impeded her ability to

19 work in her FPG job.

20

21      29.  Plaintiff N. Nelson further experienced adverse employment actions in that

22 Defendant FRP's retaliatory actions of changing the locks in her cottage bathroom effectively

23 forced her out from her Administration position at Defendant FPG.   Plaintiff N. Nelson's job

24 duties included her transporting cremated ashes to the Mission Monterey cemetery, the location

25 where she lived in Defendant's cottage.   These adverse employment actions on the part of

26 Defendant FPG effectively amounted to a termination of employment.

27

28

8

1       30.    Within the time required by law, Plaintiffs filed a timely DFEH complaint and

2  received a right to sue letter.

3

4

5  **III.**
           **PLAINTIFFS' CLAIMS**

6  **FIRST CAUSE OF ACTION**
7  **Violation of Gov. Code §12940 et seq.**
        **FEHA Retaliation Against Defendant**
8  **Foundation Partners Group**

9       31.    Plaintiffs incorporate by reference the allegations set forth above and below.

10       32.    Defendants and each of them, have breached their statutory and self-imposed duties

11  owed to Plaintiff under Defendants' representations, policies and procedures, and under California

12  law, including Sections 12940, et seq., of the California Government Code. At all times, Government

13

14  Code Section 12900 et seq., was in full force and effect and binding upon Defendant. Specifically,

15  Government Code §12940 (h) provides that it is an unlawful practice:

16       "For any employer, labor organization, employment agency, or person to discharge, expel,

17       or otherwise discriminate against any person because the person has opposed any practices

18       forbidden under this part or because the person has filed a complaint, testified, or assisted in

19       any proceeding under this part."

20

21       33.    These sections provide that no employer or person shall discriminate or retaliate

22  against an employee who has opposed FEHA sexual harassment, sexual assault.   These sections

23  provide that no employer shall retaliate against an employee who participated in such protected

24  activity.  The interpretation of these statutes has been enforced by case law.  Yanowitz v. L'Oreal,

25  (2005) 36 Cal.4[th] 1028; Flait v. North American Watch Corp. (1992) 3 Cal.App.4[th] 467.

26       34.    Defendants and each of them, have breached their statutory and self-imposed duties

27  owed to Plaintiff under Defendants' representations, policies and procedures, and under California

28

9

     PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

law, including Sections 12900 and 12945 et seq., of the California Government Code.

35.     At all times, herein relevant, Plaintiffs had protected class protections under the FEHA for engaging in protected activity. Herein, as set forth above, Plaintiff Gene Paul Nelson was subjected to retaliatory termination based upon his protected status.  Further, Plaintiff Gene Paul Nelson as a complainant of harassment based upon sex was in a protected status.

36.     Plaintiff Gene Paul Nelson is a member of the class entitled to protection under these code sections. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act and have obtained a "Right to Sue" letters.

37.     As a result of the conduct of Defendants, and each of them, and Defendants' breach of the code section, Plaintiffs have suffered damages, the exact amount of which has not yet been fully ascertained but is within the jurisdiction of this court.  Plaintiff are entitled to damages including, but not limited to, lost wages, salary, benefits and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial.  In addition, Plaintiffs have been forced as a result of Defendants' breach to retain a law firm to enforce their rights, and have incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiffs are entitled to according to proof.

38.     Plaintiffs are informed, believes and thereon alleges that defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to plaintiffs, and to the direct benefit of defendants, knowing that defendants' conduct was substantially certain to vex, annoy and injure plaintiffs and entitle plaintiffs to punitive damages against Defendants under California Civil Code §3294, in an amount sufficient to punish or to make an example of the defendants.

**WHEREFORE**, Plaintiffs pray judgment against Defendants, and each of them, as

10

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

1  hereinafter set forth.

2

3
## SECOND CAUSE OF ACTION
**Breach of Cal. Govt. Code §12900 *et seq.*; Sexual Harassment**
4                                   **(Against Defendants FPG, LOPEZ)**

5      39.      Plaintiffs incorporate by reference the allegations set forth above and below.

6      40.      Defendants and each of them, have breached their statutory and self-imposed duties

7  owed to Plaintiff under Defendants' representations, policies and procedures, and under California

8
    law, including Sections 12900, et seq., of the California Government Code. At all times, Government
9
10  Code Section 12900 et seq., was in full force and effect and binding upon Defendants.  These

11  sections provide that no employer or person shall harass any employee based on sex.

12     41.      At all times, herein relevant, Plaintiff Gene Paul Nelson was subjected to a form of

13  sexual harassment by Defendant LOPEZ.  LOPEZ approached Plaintiff and told him he had a video

14  that he wanted to show someone for months.  LOPEZ then said to Plaintiff, "Bros before Hoes."

15  Then, he proceeded to show Plaintiff a shocking, vile depiction of a sexual assault against a female

16
    FPG employee. The graphic nature of the video amounted to harassment of Plaintiff based upon sex.
17
18  It altered his work environment to that of a hostile work environment.  The conduct by FPG and

19  LOPEZ was severe in every sense of the word.

20     42.      Defendants engaged in unlawful sexual harassment, thereby altering Plaintiff Gene

21  Paul Nelson's environment to into of a hostile work environment.

22     43.      Plaintiff Gene Paul Nelson is a member of the class entitled to protection under these

23  code sections. Plaintiff has exhausted his administrative remedies under the California Fair
24
    Employment and Housing Act, and have obtained "Right to Sue" letters.
25
26     44.      As a result of the conduct of Defendants, and each of them, and Defendants' breach

27  of the code section, Plaintiff has suffered damages, the exact amount of which has not yet been fully

28  ascertained but is within the jurisdiction of this court. Plaintiff is entitled to damages including, but

11

THE VELEZ LAW FIRM                    PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

1  not limited to, lost wages, salary, benefits and certain other incidental and consequential expenses

2  and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as

3  a result of Defendants' breach to retain a law firm to enforce his rights, and have incurred and will

4  
5  continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which

6  Plaintiff is entitled to according to proof.

7      45.      Plaintiff is informed, believes and thereon alleges that Defendants, and each of them,

8  acted fraudulently, maliciously and oppressively with a conscious, reckless, and willful disregard,

9  and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff,

10 knowing that Defendants' conduct was substantially certain to vex, annoy and injure plaintiff and

11 
12 entitle him to punitive damages under California Civil Code §3294, in an amount sufficient to punish

13 or to make an example of Defendants.

14 
15     **WHEREFORE**, Plaintiff Gene Paul Nelson prays judgment against Defendants, and each of

16 them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
17 **Breach of Cal. Govt. Code §12940(k) *et seq.*; Failure to Take Reasonable Steps to
Prevent Retaliation/Harassment
18 (By Plaintiffs Gene Paul Nelson, N. Nelson, Against Defendant FPG)**

19 46. Plaintiffs incorporates by reference the allegations set forth above and below.

20     47. Defendants and each of them, have breached their statutory and self-imposed duties

21 owed to Plaintiff under Defendants' representations, policies and procedures, and under California

22 law, including Sections 12940(k), et seq., of the California Government Code. At all times,

23 Government Code Section 12940(k), et seq., was in full force and effect and binding upon

24 Defendants. These sections provide that it is an unlawful employment practice to "fail to take all

25 reasonable steps necessary to prevent harassment and retaliation from occurring".

26     48.      At all times, herein relevant, Defendant FPG, had actual knowledge that Plaintiff

27 and female employees were being harassed against because of sex. Additionally, Defendants FPG

28 through its management group acted in a manner which they knew, should have known, condoned

12

1   and/or supported this harassment and retaliation in the workplace. However, Defendant FPG failed
2   to take all reasonable steps necessary to prevent harassment and retaliation from occurring.
3   Additionally, Defendants through their own internal policies knew they should not retaliate against
4   anyone in association, as with N. Nelson, with a protected class such as Plaintiff Gene Paul
5   Nelson's protected opposition to sexual harassment, sexual assault and criminal assault.

6          49.    Plaintiffs are members of the class entitled to protection under these code sections.
7   Plaintiffs have exhausted their administrative remedies under the California Fair Employment and
8   Housing Act, and have obtained a "Right to Sue" letter.

9          50.    As a result of the conduct of Defendants, and each of them, and Defendants' breach
10  of the code section, Plaintiffs have suffered damages, the exact amount of which has not yet been
11  fully ascertained but is within the jurisdiction of this court.  Plaintiffs are entitled to damages
12  including, but not limited to, lost wages, salary, benefits and certain other incidental and
13  consequential expenses and damages in an amount to be shown at the time of trial.  In addition,
    Plaintiffs have been forced as a result of Defendants' breach to retain a law firm to enforce their
14  rights, and have incurred and will continue to incur costs and reasonable attorneys' fees in
15  connection herewith, recovery of which Plaintiffs are entitled to according to proof.

16         51.    Plaintiffs are informed, believes and thereon alleges that Defendants, and each of
17  them, acted fraudulently, maliciously and oppressively with a conscious, reckless, and willful
18  disregard, and/or with callous disregard of the probable detrimental and economic consequences
19  to Plaintiffs, and to the direct benefit to Defendants, knowing that Defendants' conduct was
20  substantially certain to vex, annoy and injure plaintiffs and entitle them to punitive damages under
21  California Civil Code §3294, in an amount sufficient to punish or to make an example of
22  Defendants.

23         **WHEREFORE**, Plaintiffs Gene Paul Nelson and N. Nelson pray judgment against
24  Defendants, and each of them, as hereinafter set forth.

25                           **FOURTH CAUSE OF ACTION**
26        **Breach of Cal. Govt. Code §12926(m) 12940 (h) *et seq.*; Retaliation Based on
                           Association To Protected Activity**
27                 **(Plaintiff Nicole Nelson Against Defendant FPG)**

28         52.    Plaintiffs incorporate by reference the allegations set forth above and below.

                                        13

53. Plaintiffs allege that Defendant FPG violated FEHA when they discriminated against Plaintiff N. Nelson in the terms, conditions, or privileges of employment on the basis that plaintiff N. Nelson associated with Plaintiff Gene Paul Nelson in his protected activity of opposing sexual harassment, sexual assault and criminal sexual assault on the part of Defendant ANDY LOPEZ.

54. The FEHA provides that discrimination based on one of the protected status and characteristics includes a perception that the person has any of those characteristics or that the person is associated with a person who has, or is perceived to have any of those characteristics. Cal. Gov't Code§§12926(m), 12940 (h).Thus, FEHA expressly provides a cause of action for unlawful discrimination, retaliation based on an association with someone in a protected class.

55. At all times, herein relevant, Defendant FPG, had actual knowledge that Plaintiff Gene Paul Nelson had engaged in protected activity and opposed sexual harassment, assault and criminal assault when he complained to Defendant FPG.

56. Additionally, at all times, herein, relevant, Defendant FPG had actual knowledge and, or should have known, that Plaintiff N. Nelson stood in association with Gene Paul Nelson's engagement in protected activity by virtue of knowledge that N. Nelson was the spouse of Gene Paul Nelson and that they both resided in FPG's housing and cottage and utilized all facilities including the bathroom and showers therein. Additionally, Plaintiff Gene Paul Nelson referenced N. Nelson in his opposition email dated June 2, 2021.

57. Following the retaliatory termination of Plaintiff Gene Paul Nelson of June 22, 2021 Defendant FPG engaged in a series of adverse employment actions against Plaintiff N. Nelson due to her association with Plaintiff Gene Paul Nelson's protected activity.

58. Plaintiff is member of the class entitled to protection under these code sections. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act, and have obtained a "Right to Sue" letter.

59. As a result of the conduct of Defendants, and each of them, and Defendants' breach of the code section, Plaintiff has suffered damages, the exact amount of which has not yet been fully ascertained but is within the jurisdiction of this court. Plaintiff is entitled to damages including, but not limited to, lost wages, salary, benefits and certain other incidental and

14

1  consequential expenses and damages in an amount to be shown at the time of trial. In addition,

2  Plaintiff has been forced as a result of Defendants' breach to retain a law firm to enforce her rights,

3  and has incurred and will continue to incur costs and reasonable attorneys' fees in connection

4  herewith, recovery of which Plaintiff is entitled to according to proof.

5        60.    Plaintiff N. Nelson is informed, believes and thereon alleges that Defendants, and

6  each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless, and

7  willful disregard, and/or with callous disregard of the probable detrimental and economic

8  consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants'

9  conduct was substantially certain to vex, annoy and injure plaintiff and entitle her to punitive

10  damages under California Civil Code §3294, in an amount sufficient to punish or to make an

11  example of Defendants.

     **WHEREFORE**, Plaintiff N. Nelson prays judgment against Defendants, and each of them,

12
13  as hereinafter set forth.

14  **FIFTH CAUSE OF ACTION**
**Violation of California Labor Code §§558, 1194, 119.42, 1197,&1198, and Wage Order 9 -**
15  **Minimum Wage And Liquidated Damages**
**(By Plaintiff N. Nelson Against Defendant FPG)**
16

17  61. Plaintiff N. Nelson incorporates by reference the allegations set forth above and below.

18  62. At all times relevant to this complaint Defendant FPG, failed, and has continued to

19  fail to pay Plaintiff N. Nelson all wages due, including minimum wage, as required by law.

20  63. As a direct and proximate result of the acts and/or omissions of Defendant FPG,

21  Plaintiff N. Nelson has reported to work as required and has not been compensated for all

22  working time while under the control of the employer. Accordingly, Plaintiff N. Nelson has

23  been deprived of wages due, including minimum wages, in amounts to be determined at trial.

24

25  64. The applicable minimum wages fixed by the commission for Plaintiff N. Nelson is

26  found in Wage Order 9.

27  65. Pursuant to California Labor Code §§ 1194 and 1194.2 as a result of Defendant

28  FPG's failure to pay Plaintiff N. Nelson all wages due, Plaintiff is entitled to recover the unpaid

15

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

wages and liquidated damages in an amount equal to the wages unlawfully unpaid, plus interests, fees and costs thereon.

WHEREFORE, Plaintiff N. Nelson pray judgment as set forth below.

WHEREFORE, Plaintiffs pray judgment as set forth below.

## IV.
## PRAYER FOR RELIEF

1. For compensatory damages;

2. For general damages according to proof;

3. For medical and related expenses according to proof;

4. For special damages, including but not limited to lost earnings and other employment benefits, past and future, according to proof, with interest thereon as allowed by law;

5. For reasonable attorneys' fees and costs, pursuant to California Government Code § 12965 and other statutes;

6. For an award of interest, including prejudgment interest, at the legal rate;

7. For punitive damages pursuant to California Civil Code § 3294; and

8. For all such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

1. That the Court declare, adjudge and decree that Defendants violated California Labor Laws by willfully failing to pay hours worked;

2. For all actual, consequential and incidental losses and damages, according to proof;

3. For waiting time penalties according to law;

4. For pre-judgment interest on any unpaid wages from the date such amounts were due; and;

5. For such other and further relief as the Court may deem equitable and appropriate.

16

1

2  Dated: July 30, 2021                                          THE VELEZ LAW FIRM. P.C.

3
                                                          By:_____
4                                                              Mark P. Velez, Esq.
                                                               Natalya V. Grunwald, Esq.
5                                                              Attorneys for Plaintiffs
                                                               GENE PAUL NELSON,
6                                                              NICOLE NELSON

7                           **DEMAND FOR JURY TRIAL**

8
        Plaintiffs hereby demand trial by jury.
9

10  Dated: July 30, 2021                                          THE VELEZ LAW FIRM. P.C.

11                                                        By:_____
                                                               Mark P. Velez, Esq.
12                                                             Natalya V. Grunwald, Esq.
                                                               Attorneys for Plaintiff
13                                                             GENE PAUL NELSON,
                                                               NICOLE NELSON
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT,
STE 120
ROSEVILLE, CA 95661

# EXHIBIT C

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

Mark P. Velez, Esq. #63849
THE VELEZ LAW FIRM
3010 Lava Ridge Court, Suite 180
Roseville, CA 95677

TELEPHONE NO.: (916) 774-2720    FAX NO. *(Optional)*: (916) 774-2730
E-MAIL ADDRESS *(Optional)*: velezlaw@live.com
ATTORNEY FOR *(Name)*: PlaintiffS Gene Nelson, Nicole Nelson

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SACRAMENTO
STREET ADDRESS:
MAILING ADDRESS: 720 Ninth Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

PLAINTIFF/PETITIONER: Plaintiffs Gene Nelson, Nicole Nelson

DEFENDANT/RESPONDENT: Defendant Foundation Partners Group

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** | CASE NUMBER: 34-2021-00303732 |
|---|---|

TO *(insert name of party being served)*: FOUNDATION PARTNERS GROUP, LLC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 25, 2021

Mark P. Velez
(TYPE OR PRINT NAME)

▶ _(SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)_

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*:
   FIRST AMENDED COMPLAINT
   AMENDED SUMMONS

*(To be completed by recipient)*:

Date this form is signed: September 13, 2021

Kaitlyn L. Lavaroni, for Foundation Partners Group, LLC
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Kaitlyn L. Lavaroni
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

Martin Dean's
ESSENTIAL FORMS™

# EXHIBIT D

1    JACKSON LEWIS P.C.
     CAROLYN G. BURNETTE (SBN 191294)
2    KAITLYN L. LAVARONI (SBN 313366)
     400 Capitol Mall, Suite 1600
3    Sacramento, CA  95814
     Telephone:  (916) 341-0404
4    Facsimile:  (916) 341-0141
     E-mail: *carolyn.burnette@jacksonlewis.com*
5    E-mail: *kaitlyn.lavaroni@jacksonlewis.com*

6    Attorneys for Defendant
     FOUNDATION PARTNERS GROUP, LLC
7

8                   SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SACRAMENTO

10

11   GENE PAUL NELSON,                    Case No. 34-2021-00303732
     NICOLE NELSON,
12                                        **DEFENDANT FOUNDATION
                Plaintiffs,               PARTNERS GROUP, LLC'S
13                                        ANSWER TO PLAINTIFFS'
          vs.                             FIRST AMENDED COMPLAINT
14                                        FOR DAMAGES**
     FOUNDATION PARTNERS GROUP, LLC,
15   A Delaware Corporation, ANDY LOPEZ,
     An Individual, and DOES 1 through 50,
16   inclusive,                                   BY FAX

17              Defendants.

18

19        FOUNDATION PARTNERS GROUP, LLC ("Defendant") responds as follows to the

20   First Amended Complaint for Damages ("Complaint") filed by GENE PAUL NELSON and

21   NICOLE NELSON ("Plaintiffs"):

22                          **<u>GENERAL DENIAL</u>**

23        Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies,

24   generally and specifically, each and every allegation and prayer for relief contained in Plaintiffs'

25   Complaint.

26   ///

27   ///

28   ///

                                      1
     Defendant Foundation Partners Group, LLC's Answer to Plaintiffs' First Amended Complaint for Damages

1

**AFFIRMATIVE DEFENSES**

2      By way of affirmative defenses to the allegations of the Complaint herein, and to the

3 various causes of action thereof, Defendant alleges as follows:

4

**FIRST AFFIRMATIVE DEFENSE**

5      Plaintiffs' Complaint as a whole and each purported cause of action alleged therein fail to

6 state facts sufficient to constitute a cause of action against Defendant.

7

**SECOND AFFIRMATIVE DEFENSE**

8      To the extent Plaintiffs' Complaint and each purported cause of action therein are subject

9 to binding arbitration, this entire action should be transferred to binding arbitration and the action

10 should then be dismissed or stayed.

11

**THIRD AFFIRMATIVE DEFENSE**

12      Plaintiffs' Complaint and each purported cause of action alleged therein are barred by the

13 doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces

14 Plaintiffs' alleged damages.

15

**FOURTH AFFIRMATIVE DEFENSE**

16      Any damages must be barred or reduced under the doctrine of avoidable consequences

17 because:  (1) Defendant exercised reasonable steps to prevent and correct any workplace conduct

18 alleged to be unlawful; (2) Plaintiffs unreasonably failed to use the preventive and corrective

19 measures Defendant provided; and (3) reasonable use of Defendant's procedures would have

20 prevented at least some of the harm Plaintiffs allegedly suffered.

21

**FIFTH AFFIRMATIVE DEFENSE**

22       Any purported claims for emotional distress and other injuries are barred in whole or in

23 part by the exclusive remedy provisions of the California Workers' Compensation Act

24 (see California Labor Code section 3600 et seq.).

25

**SIXTH AFFIRMATIVE DEFENSE**

26      Defendant is relieved of any liability as to Plaintiffs' purported claims because any

27 unlawful conduct alleged to have been engaged in by its current and/or former employees

28 occurred outside the course and scope of their employment.

1

**SEVENTH AFFIRMATIVE DEFENSE**

2   Plaintiffs' purported First through Fourth Causes of Action are barred in whole or in part

3   by the applicable statutes of limitations including, but not limited to, California Government Code

4   sections 12960(d) and 12965(b).  Plaintiff Nicole Nelson's purported Fifth Cause of Action is

5   barred in whole or in part by the applicable statutes of limitations including, but not limited to,

6   California Code of Civil Procedure sections 338 and 340.

7

**EIGHTH AFFIRMATIVE DEFENSE**

8   Plaintiffs' purported First through Fourth Causes of Action are barred in whole or in part

9   to the extent Plaintiffs failed to exhaust their administrative remedies under the California Fair

10   Employment and Housing Act, California Government Code sections 12960 and 12965.

11

**NINTH AFFIRMATIVE DEFENSE**

12   Plaintiffs' Complaint and each purported cause of action alleged therein are barred by the

13   doctrines of waiver, consent, estoppel, laches, and/or unclean hands.

14

**TENTH AFFIRMATIVE DEFENSE**

15   Plaintiffs are barred from recovering any damages for lost wages, benefits and

16   compensation of any kind, or such damages must be reduced, to the extent Plaintiffs failed to

17   exercise reasonable diligence to mitigate their alleged damages.

18

**ELEVENTH AFFIRMATIVE DEFENSE**

19   Defendant is entitled to a set off for any amount of benefits and other payments Plaintiffs

20   received to cover or mitigate their alleged losses.

21

**TWELFTH AFFIRMATIVE DEFENSE**

22   Any recovery on Plaintiffs' Complaint or any purported cause of action alleged therein is

23   barred in whole or in part by California Labor Code sections 2854 and 2856 in that Plaintiffs

24   failed to use ordinary care and diligence in the performance of their duties and failed to comply

25   substantially with the reasonable directions of their employer.

26   ///

27   ///

28   ///

3

1

**THIRTEENTH AFFIRMATIVE DEFENSE**

2   Plaintiffs' Complaint and each purported cause of action alleged therein are barred

3   because any and all actions taken by Defendant with respect to Plaintiffs were job-related for the

4   positions in question, were taken in good faith for legitimate, non-retaliatory business reasons,

5   and were consistent with business necessity.

6

**FOURTEENTH AFFIRMATIVE DEFENSE**

7   Defendant is entitled to an offset for amounts Plaintiffs owe Defendant for receipt of any

8   wages and other benefits to which they are not entitled or did not earn.

9

**FIFTEENTH AFFIRMATIVE DEFENSE**

10   Assuming, *arguendo*, it is found that Defendant's actions were motivated by both

11   retaliatory and non-retaliatory reasons, the non-retaliatory reasons, standing alone, would have

12   induced Defendant to make the same decision(s) with respect to Plaintiffs' employment and

13   termination. The alleged illegal reasons were not a substantial factor in motivating Defendant's

14   actions.

15

**SIXTEENTH AFFIRMATIVE DEFENSE**

16

**(Nicole Nelson Only)**

17   Nicole Nelson's purported Fifth Cause of Action, which seeks damages under California

18   Labor Code sections 1194 et seq. and/or 1197 et seq., is barred in whole or in part because the

19   alleged acts or omissions giving rise to Defendant's alleged failure to pay Nicole Nelson's wages,

20   including minimum wage, was in good faith and Defendant had reasonable grounds for believing

21   the acts and omissions were not a violation of any provision of the California Labor Code relating

22   to minimum wage, or an order of the Commission.

23

**SEVENTEENTH AFFIRMATIVE DEFENSE**

24

**(Nicole Nelson Only)**

25   Nicole Nelson's purported Fifth Cause of Action seeking statutory penalties for alleged

26   willful failure to comply with the requirements of the California Labor Code is barred in whole or

27   in part because Defendant did not willfully violate the requirements of the California Labor Code

28   and a good faith dispute exists concerning such alleged violations.

1
2

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Nicole Nelson Only)**

3     Nicole Nelson's purported Fifth Cause of Action is barred in whole or in part because,
4  at all times referenced in the Complaint, Defendant provided her with itemized statements in
5  compliance with the requirements of California Labor Code section 226.  Even assuming,
6  *arguendo*, Nicole Nelson was not provided with a proper itemized statement, which Defendant
7  denies, she is not entitled to recover damages because Defendant's alleged failure to comply with
8  California Labor Code section 226(a) was not a "knowing and intentional failure" under
9  California Labor Code section 226(e).

10

### NINETEENTH AFFIRMATIVE DEFENSE

11

**(Nicole Nelson Only)**

12     Nicole Nelson's purported Fifth Cause of Action is barred, settled and/or released
13  in whole or in part, and/or recovery is precluded in whole or in part, to the extent there are
14  settlements, judgments and/or resolutions in other legal or administrative actions brought
15  against Defendant by or on behalf of Nicole Nelson, or to the extent there have been voluntary
16  payments by Defendant with respect to some or all of this claim, or to the extent there are releases
17  of claims in exchange for severance packages or other consideration provided by Defendant to
18  Nicole Nelson.  Nicole Nelson's Fifth Cause of Action is barred by the doctrine of payment, or
19  the doctrine of payment limits and reduces her alleged damages, to the extent she accepted
20  payment in full discharge of Defendant's obligations.

21

### TWENTIETH AFFIRMATIVE DEFENSE

22

**(Nicole Nelson)**

23     Nicole Nelson is not entitled to duplicative recovery under the purported wage/hour and
24  penalty claims alleged in the Complaint.
25  ///
26  ///
27  ///
28  ///

1
2

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Nicole Nelson)

3        To the extent the Complaint as a whole and/or any purported cause of action alleged

4   therein assert claims for alleged off-the-clock work, such claims are barred in whole or in part

5   because off-the-clock work was prohibited by Defendant, and any such work was not reported by

6   Nicole Nelson to Defendant.

7   ### TWENTY-SECOND AFFIRMATIVE DEFENSE

8   #### (Nicole Nelson)

9        The Complaint as a whole and/or each purported cause of action alleged therein are barred

10  in whole or in part because Nicole Nelson is not entitled to any wages or other compensation or

11  penalties under the California Labor Code, the applicable Wage Order of the Industrial Welfare

12  Commission, and/or any other law.  To the extent Nicole Nelson alleges she was not properly

13  compensated, which Defendant denies, such amounts are *de minimis* and are not compensable

14  under applicable law.

15                       \*   \*   \*   \*   \*   \*

16       Because Plaintiffs' Complaint is couched in conclusory terms, Defendant cannot fully

17  anticipate all defenses that may be applicable to their action.  Accordingly, the right to assert

18  additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

19  ### PRAYER

20       WHEREFORE, Defendant prays as follows:

21          1.     That Plaintiffs take nothing by their Complaint;

22          2.     That Plaintiffs' Complaint be dismissed in its entirety with prejudice;

23          3.     That Plaintiffs be denied each and every demand and prayer for relief

24               contained in their Complaint.

25  ///

26  ///

27  ///

28  ///

1        4.     For costs of suit incurred herein, including reasonable attorneys' fees; and

2        5.     For such further relief as the Court deems proper.

3

4    Dated: September 23, 2021           JACKSON LEWIS P.C.

5

6                By: *Kaitlyn L. Lavaroni*

7                   Kaitlyn L. Lavaroni

8                Attorneys for Defendant
            FOUNDATION PARTNERS GROUP, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

**PROOF OF SERVICE**

2

I, Gail Kristine Baum, declare:

3

I am employed in the County of Sacramento, State of California.  I am over the age of
18 years and not a party to the within action; my business address is Jackson Lewis P.C.,
400 Capitol Mall, Suite 1600, Sacramento, California 95814.

4

5

On September 23, 2021, I served the within:

6

**DEFENDANT FOUNDATION PARTNERS GROUP, LLC'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR DAMAGES**

7

8

on the parties in said action:

9

10

| **X** | by forwarding a true and correct copy thereof electronically from e-mail address *gail.baum@jacksonlewis.com* to the persons at the e-mail address set forth below, pursuant to California Code of Civil Procedure section 1010.6(e)(1). |

11

12

13

| Mark P. Velez<br>Natalya Grunwald<br>THE VELEZ LAW FIRM, P.C.<br>3010 Lava Ridge Court, Suite 120<br>Roseville, CA  95661 | Attorneys for Plaintiffs<br>Gene Paul Nelson and Nicole Nelson<br><br>Telephone:  (916) 774-2720<br>Facsimile:   (916) 774-2730<br>E-mail:  *velezlaw@live.com* |

14

15

16

17

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

18

Executed this   23rd   day of September, 2021 at Folsom, California.

19

20

21

_____
Gail Kristine Baum

22

23

24

25

26

27

28

# EXHIBIT E

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Mark P. Velez (SBN 163484) Natalya V. Grunwald (SBN 265084)
The Velez Law Firm, PC
3010 Lava Ridge Ct., Ste. 120, Roseville CA 95661

TELEPHONE NO.: 916-774-2720     FAX NO.:
ATTORNEY FOR (Name): Plaintiff, Gene Paul Nelson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME:

CASE NAME:
Nelson v. Foundation Partners Group, LLC, et al.

**FILED
Superior Court Of California,
Sacramento
07/06/2021
mchapman3
By_____, Deputy
Case Number:
34-2021-00303732**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 34-2021-00303732 |
|---|---|---|
| ☑ Unlimited ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary b.☐ nonmonetary; declaratory or injunctive relief c.☑ punitive
4. Number of causes of action (specify): Three (3)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 2, 2021
Natalya V. Grunwald
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

**PROOF OF SERVICE**

I, LaDonna Mims, declare:

I am employed in the County of Sacramento, State of California. I am over the age of 18 years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On September 23, 2021, I served the within:

**DECLARATION OF KAITLYN L. LAVARONI IN SUPPORT OF DEFENDANT FOUNDATION PARTNERS GROUP, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**

on the parties in said action:

| X | by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as set forth below with postage thereon fully prepaid, for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of correspondence for mailing, of which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service. |
|---|---|

| Mark P. Velez<br>Natalya Grunwald<br>THE VELEZ LAW FIRM, P.C.<br>3010 Lava Ridge Court, Suite 120<br>Roseville, CA 95661 | Attorneys for Plaintiffs<br>Gene Paul Nelson and Nicole Nelson<br><br>Telephone: (916) 774-2720<br>Facsimile: (916) 774-2730<br>E-mail: *velezlaw@live.com* |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 23 day of September, 2021 at Sacramento, California.

_LaDonna Mims_
LaDonna Mims